**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| CAMBRIA COMPANY LLC, § <br> § <br> Plaintiff, § <br> § Case No. 7:25-cv-583 <br> v. § <br> § COMPLAINT FOR PATENT <br> MOHAWK INDUSTRIES, INC.; § INFRINGEMENT AND DEMAND FOR <br> DAL-TILE LLC, § JURY TRIAL <br> § <br> § <br> Defendants. § | |

Plaintiff Cambria Company LLC ("Cambria" or "Plaintiff") alleges as follows for its claim of patent infringement against Defendants Mohawk Industries, Inc. and Dal-Tile LLC (collectively, "Defendants"):

## NATURE OF THE ACTION

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, based on Defendants' willful infringement of U.S. Patent Nos. 10,195,762 ("the '762 Patent"); 10,252,440 ("the '440 Patent"); and 12,370,718 ("the '718 Patent") (collectively, "the Asserted Patents") by the unauthorized manufacture, use, offer for sale, sale, and/or importation of Defendants' infringing products accused herein.

## THE PARTIES

2. Plaintiff Cambria Company LLC is a limited liability company organized under the laws of Minnesota with its principal place of business located at 805 Enterprise Drive East, Suite H, Belle Plaine, Minnesota 56011.

1

3. Defendant Mohawk Industries, Inc. ("Mohawk Industries") is a corporation organized under the laws of Delaware with its principal place of business located at 160 S. Industrial Blvd., Calhoun, Georgia 30701.

4. Defendant Dal-Tile LLC ("Dal-Tile") is a limited liability company organized under the laws of Pennsylvania with its principal place of business located at 7834 CF Hawn Fwy., Dallas, Texas 75217. On information and belief, Dal-Tile is a subsidiary of Mohawk Industries. On information and belief, Dal-Tile has previously done business as Dal-Tile Corporation and as Daltile Stone & Slab Center.

## JURISDICTION AND VENUE

5. This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general personal jurisdiction over Defendants because Defendants are engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over Defendants because they have committed acts giving rise to this action and have established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over Defendants in this Court would not offend traditional notions of fair play and substantial justice. Defendants have also placed infringing products into the stream of commerce by shipping those products into this judicial district or knowing that the products would be shipped there.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) for Dal-Tile because Dal-Tile has a regular and established place of business and has committed acts of patent infringement within this judicial district. Within this judicial district, Dal-Tile has at least three

facilities, including a Daltile Stone & Slab Center located at 828 New Meister Lane, Suite 200, Pflugerville, Texas 78660; a Daltile Showroom & Design Studio located at 2424 South Lamar Blvd., Austin, Texas 78704; and a Daltile Showroom & Design Studio located at 15877 Long Vista Drive, Suite 101, Austin, Texas 78728.[1] Dal-Tile is registered to do business in the State of Texas under Tax Identification No. 11605771804.[2] Dal-Tile's website also connects users to dealers of infringing products within this judicial district.[3]

8. Venue is proper as to Mohawk Industries because Mohawk Industries has a regular and established place of business and has committed acts of patent infringement within this judicial district. Mohawk Industries' website lists various locations in Texas, at least one of which is located within this judicial district.[4] Mohawk Industries pays taxes within this judicial district on the Daltile Stone & Slab Center located at 828 New Meister Lane, Suite 200, Pflugerville, Texas 78660.[5] Mohawk Industries also pays taxes within this judicial district on the Daltile Showroom & Design Studio located at 2424 South Lamar Blvd., Austin, Texas 78704.[6] Mohawk Industries further pays taxes within this judicial district on the Daltile Showroom & Design Studio located at 15877 Long Vista Drive, Suite 101, Austin, Texas 78728.[7]

9. On information and belief, Mohawk Industries and Dal-Tile collaborate with respect to the development, marketing, sale, importation and/or distribution of products sold under

---

[1] https://www.daltile.com/store-locator.
[2] https://comptroller.texas.gov/taxes/franchise/account-status/search/11605771804.
[3] *See, e.g.*, https://www.daltile.com/store-locator (Home Depot location at 11301 Lakeline Blvd., Austin, Texas 78717; Home Depot location at 7900 N FM 620, Austin, Texas 78726).
[4] https://careers.mohawkind.com/DalTile/search/?searchby=location&createNewAlert=false&q=&locationsearch=Texas&geolocation=.
[5] https://travis.go2gov.net/showPropertyInfo.do?account=99649780000000.
[6] https://travis.go2gov.net/showPropertyInfo.do?account=99649810000000.
[7] https://travis.go2gov.net/showPropertyInfo.do?account=90040430000000.

3

the "Daltile" brand name. On information and belief, Mohawk Industries and Dal-Tile are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length. On information and belief, Dal-Tile acts at the direction, and for the benefit, of Mohawk Industries, and is controlled and/or dominated by Mohawk Industries. On information and belief, Mohawk Industries and Dal-Tile work collaboratively and in concert either directly or indirectly through one or more of their wholly owned subsidiaries with respect to the manufacturing, marketing, sale, and distribution of Daltile products, including the Accused Products described below, throughout the United States, including within this judicial district.

## FACTUAL BACKGROUND

10. Cambria is an industry leader in the design and manufacture of natural quartz surface products. Cambria's quartz surface products have a variety of uses in homes and businesses, including, but not limited to, countertops, floor tiles, vanities, fireplace surrounds, wet bars, and showers.

11. Cambria earned its reputation as an industry leader through years of innovation and a steadfast commitment to high quality in the design and manufacture of its products. Cambria was the first and only U.S. producer of quartz surface products for many years.

12. Quartz surface products have multiple performance benefits over other surface products. For example, quartz surfaces never have to be sealed, unlike granite, marble and other surfaces that require regular maintenance. Quartz surfaces are also scratch resistant and nonabsorbent, and they resist staining and do not harbor harmful bacteria.

13. Cambria led the charge to grow the demand for quartz surface products by investing millions of dollars in research and development, which led to Cambria commercializing quartz product designs that have revolutionized the market.

14. In 2014, Cambria changed the quartz countertop industry when it introduced its Coastal Collection with Cambria's new designs Galloway, Ellesmere, Langdon, Seagrove, and Summerhill. In 2016, Cambria introduced additional new designs in the Coastal Collection: Helmsley, Harlech, and Princetown, and in March 2017, Cambria added Beaumont and Kelvingrove to Cambria's Coastal Collection. Cambria's Coastal Collection designs are among the Cambria products that embody and are made with the technology of the Asserted Patents.



**CAMBRIA'S ASSERTED PATENTS**

15. The '762 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 5, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '762 Patent is attached as **Exhibit A**. Cambria owns all substantial rights, titles, and interests in and to the '762 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The

assignment is recorded at the USPTO at Reel/Frame 51070/0811. The '762 Patent is valid, enforceable, and in full force and effect.

16. The '440 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the USPTO on April 9, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '440 Patent is attached as **Exhibit B**. Cambria owns all substantial rights, titles, and interests in and to the '440 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the USPTO at Reel/Frame 40694/0752. The '440 Patent is valid, enforceable, and in full force and effect.

17. The '718 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the USPTO on July 29, 2025, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '718 Patent is attached as **Exhibit C**. Cambria owns all substantial rights, titles, and interests in and to the '718 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the USPTO at Reel/Frame 71123/0557. The '718 Patent is valid, enforceable, and in full force and effect.

18. To the extent required by law, Cambria has complied with the marking requirements under 35 U.S.C. § 287 such that Cambria is entitled to collect past damages for infringement of the Asserted Patents. The '440 Patent recites only method claims, and thus marking is not required to recover past damages for infringement irrespective of marking or notice. Cambria makes and distributes quartz surface products that practice the Asserted Patents, and Cambria's practicing products have been marked with the Asserted Patent numbers.

## DEFENDANTS' ACTIVITIES

19.     Cambria's commercial success prompted competitors to copy its patented products. That is the case here. Defendants make, use, import, distribute, supply, market, offer for sale, and/or sell in this judicial district processed slabs that infringe the '762 Patent and the '718 Patent and that are made with a process that infringes the '440 Patent.

20.     On information and belief, Defendants' infringing products include processed slabs sold at least under the "Daltile" brand name. Among other infringing products, a non-limiting example of Defendants' infringing products is the processed slab marketed as the "Calacatta Wisteria" design (collectively with other infringing products, the "Accused Products").[8] The Accused Products, including the non-limiting example shown below, meet the elements of one or more claims of each of the Asserted Patents, as described in the following paragraphs.

21.     The below image shows an exemplary Accused Product.



---

[8] https://www.daltile.com/products/slab/one-quartz-marble-look/calacatta-wisteria.

22. Cambria has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, distribute, import, sell, offer for sale, or display any processed slabs that embody and/or are produced with the technology claimed by the Asserted Patents.

23. Defendants are and have been aware of the Asserted Patents since at least the filing of this lawsuit, and have continued their unauthorized infringing activity despite this knowledge.

## COUNT I – INFRINGEMENT OF THE '762 PATENT

24. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–23 of this Complaint.

25. As set forth in the exemplary and non-limiting claim chart attached as **Exhibit D**, Defendants infringe and/or have infringed, literally or under the doctrine of equivalents, at least claim 22 of the '762 Patent under 35 U.S.C. § 271(a) by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

26. On information and belief, Defendants currently actively induce and have induced infringement of the '762 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

27. For example, Defendants actively promote the sale, use, and importation of the Accused Products in marketing materials and web pages on the Daltile website,[9] and through

---

[9] *See, e.g.*, https://www.daltile.com/products/slab/one-quartz-marble-look/calacatta-wisteria (web page for Calacatta Wisteria product); https://www.daltile.com/products/slab/one-quartz-marble-look (web page marketing quartz slabs).

Defendants' sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

28. Cambria has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Defendants' infringement of the '762 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

30. Since at least the filing of this Complaint, Defendants have been on notice of and had actual knowledge of the '762 Patent and their infringement thereof. Since obtaining knowledge of their infringing activities, Defendants have failed to cease their infringing activities.

31. Defendants' infringement of the '762 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Defendants' willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '440 PATENT

32. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–31 of this Complaint.

33. As set forth in the exemplary and non-limiting claim chart attached as **Exhibit E**, Defendants infringe and/or have infringed, literally or under the doctrine of equivalents, at least claim 14 of the '440 Patent by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district. In

violation of at least 35 U.S.C. §§ 271(a), 271(g), and 295(1)-(2), Defendants make, import, offer to sell, sell, and/or use within the United States products which are made by the process patented in the '440 Patent. For the Accused Products that are imported into the United States, prior to such importation, the Accused Products are neither materially changed by subsequent processes, nor do they become a trivial and nonessential component of another product.

34. On information and belief, Defendants currently actively induce and have induced infringement of the '440 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

35. For example, as demonstrated above, Defendants actively promote the sale, use, and importation of the Accused Products in marketing materials and web pages on the Daltile website, and through Defendants' sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

36. Cambria has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

37. Defendants' infringement of the '440 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

38. Since at least the filing of this Complaint, Defendants have been on notice of and had actual knowledge of the '440 Patent and their infringement thereof. Since obtaining knowledge of their infringing activities, Defendants have failed to cease their infringing activities.

39. Defendants' infringement of the '440 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Defendants' willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III – INFRINGEMENT OF THE '718 PATENT

40. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–39 of this Complaint.

41. As set forth in the exemplary and non-limiting claim chart attached as **Exhibit F**, Defendants infringe and/or have infringed, literally or under the doctrine of equivalents, at least claims 1 and 9 of the '718 Patent under 35 U.S.C. § 271(a) by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

42. On information and belief, Defendants currently actively induce and have induced infringement of the '718 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

43. For example, as demonstrated above, Defendants actively promote the sale, use, and importation of the Accused Products in marketing materials and web pages on the Daltile website, and through Defendants' sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

44. Cambria has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are at least liable to Cambria in an amount that compensates

Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45. Defendants' infringement of the '718 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

46. Since at least the filing of this Complaint, Defendants have been on notice of and had actual knowledge of the '718 Patent and their infringement thereof. Since obtaining knowledge of their infringing activities, Defendants have failed to cease their infringing activities.

47. Defendants' infringement of the '718 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Defendants' willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Cambria respectfully requests that this Honorable Court enter judgment for Cambria and against Defendants, granting Cambria the following relief:

A. A judgment that Defendants have infringed one or more claims of each of the above patents-in-suit;

B. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Cambria for Defendants' infringement and in no event less than a reasonable royalty, together with both pre- and post-judgment interest and costs as fixed by the Court from the first date of infringement of the patents-in-suit;

C. A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the patents-in-suit by Defendants;

D. A judgment that Defendants' infringement has been willful and an award of increased damages as permitted under 35 U.S.C. § 284;

E. A finding that this case is exceptional and an award of attorneys' fees and costs to Cambria as provided by 35 U.S.C. § 285 or as otherwise permitted by law; and

F.      Such other relief as this Court may deem proper and just.

Dated: December 19, 2025

Respectfully Submitted,

WINSTON & STRAWN LLP

By: */s/ M. Brett Johnson*

M. Brett Johnson
Texas State Bar No. 00790975
2121 N. Pearl Street
Dallas, TX 75201
Tel.: (214) 453-6416
Fax: (214) 453-6400
Email: mbjohnson@winston.com

Kathi Vidal (*pro hac vice* forthcoming)
Robert T. Vlasis III
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
Email: kvidal@winston.com
Email: rvlasis@winston.com

Eimeric Reig-Plessis
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1000
Fax: (415) 591-1400
Email: ereigplessis@winston.com

ATTORNEYS FOR PLAINTIFF,
CAMBRIA COMPANY LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all claims so triable.

Dated: December 19, 2025

Respectfully Submitted,

WINSTON & STRAWN LLP

By: */s/ M. Brett Johnson*

M. Brett Johnson
Texas State Bar No. 00790975
2121 N. Pearl Street
Dallas, TX 75201
Tel.: (214) 453-6416
Fax: (214) 453-6400
Email: mbjohnson@winston.com

Kathi Vidal (*pro hac vice* forthcoming)
Robert T. Vlasis III
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
Email: kvidal@winston.com
Email: rvlasis@winston.com

Eimeric Reig-Plessis
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1000
Fax: (415) 591-1400
Email: ereigplessis@winston.com

ATTORNEYS FOR PLAINTIFF,
CAMBRIA COMPANY LLC